UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KAROL NANN TURKO,

                Plaintiff,                CASE NO. 17-12238

                                            HON. DENISE PAGE HOOD

v.

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.
_____/

**OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION [#23] TO GRANT DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [#21] AND TO DENY PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [#15]**

Now before the Court is a Report and Recommendation (Doc # 23) filed by Magistrate Judge Elizabeth A. Stafford on Plaintiff Karol Turko's ("Turko") Motion for Summary Judgment (Doc # 15) and Defendant Commissioner of Social Security's Motion for Summary Judgment (Doc # 21). To date, no objections were filed to the Report and Recommendation, and the time to file such has passed. The Court **ACCEPTS** and **ADOPTS** the Report and Recommendation, **GRANTS** Defendant's Motion for Summary Judgment and **DENIES** Plaintiff's Motion for Summary Judgment.

The background facts of this matter are adequately set forth in the Magistrate Judge's Report and Recommendation, and the Court adopts them here.

1

## I. STANDARD OF REVIEW

The standard of review by the district court when examining a Report and Recommendation is set forth in 28 U.S.C. § 636. This Court "shall make a *de novo* determination of those portions of the report or the specific proposed findings or recommendations to which an objection is made." 28 U.S.C. § 636(b)(1)(C). The court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.* In order to preserve the right to appeal the magistrate judge's recommendation, a party must file their objections to the Report and Recommendation within fourteen days or service of the Report and Recommendation. Fed. R. Civ. P. 72(b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508–09 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).

## II. ANALYSIS

After review of the Magistrate Judge's Report and Recommendation, the Court agrees with the Magistrate Judge's findings and conclusions. The Court agrees that the Administrative Law Judge (ALJ) properly determined that Plaintiff was not disabled as defined by 20 C.F.R. § 404.1520(a)(4) (2012). The Court also agrees with the ALJ's findings that Plaintiff has the residual functional capacity to complete "light work" as defined in 20 C.F.R. 404.1567(b).

The ALJ was correct in giving Dr. Ebert's testimony less deference since Dr. Ebert's assessment that Plaintiff could not work any hours in a typical work day was not supported by Plaintiff's medical record and treatment history. (see Doc # 12-2, Pg. 32) Although Plaintiff challenges this decision, her brief provides insufficient grounds for a reversal and "does not cite to Dr. Ebert's opinion" or "to the medical record at all." (Doc # 16)

### III. CONCLUSION

For the reasons set forth above,

**IT IS HEREBY ORDERED** that Magistrate Judge Elizabeth A. Stafford's Report and Recommendation (Doc. # 23) is **ACCEPTED** and **ADOPTED** as this Court's findings of fact and conclusions of law.

**IT IS FURTHER ORDERED** that Defendant Commissioner of Social Security's Motion for Summary Judgment (Doc # 21) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff Karol Turko's Motion for Summary Judgment (Doc #15) is **DENIED**.

<u>S/Denise Page Hood</u>
Denise Page Hood
Chief Judge, United States District Court

Dated: August 21, 2018

I hereby certify that a copy of the foregoing document was served upon counsel of record on August 21, 2018, by electronic and/or ordinary mail.

S/LaShawn R. Saulsberry<br>Case Manager